UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ENDOBIOGENICS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ABI CHAHINE, <br><br> Defendant. | Case No. 4:19-cv-00096-BLW <br><br> **MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

On July 3, 2019, Endobiogenics, Inc. filed a Motion for Default Judgment. Dkt. 11. On July 1, 2019, the Clerk issued an Entry of Default. Since that time, Abi Chahine has failed to appear and file a responsive pleading. The Court granted Endobiogenics's motion for default but required additional briefing to support Endobiogenics's damages claim and to detail the scope the requested injunction. Dkt. 16. Endobiogenics filed a supplemental brief, supported by the declarations of Elijah M. Watkins, Bill Sowle, and the expert report of Zach Baldwin. *See* Dkts. 17, 18, and 19. With such information now before the Court, a default judgment and injunction will be entered as detailed below.

# BACKGROUND

On September 23, 2019, the Court entered a Memorandum Decision and Order, containing the discretionary determination that default judgment should be entered in this case. Dkt. 16; *See Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 999 (N.D. Cal. 2001). Of particular note, the Court determined that, without an order awarding damages and enjoining Chahine from engaging in unfair business activities, including making further defamatory statements, Endobiogenics will continue to suffer the economic and reputational impacts of Chahine's actions.

Because the Court did not have sufficient information before it to make a determination as to the amount of damages, it ordered Endobiogenics to produce briefing and evidence in support of a particularized claim for damages and detailing the scope of its request for injunction.

As detailed thoroughly in the Court's previous decision, Endobiogenics asserts it is the exclusive licensee of the EMA System patent, and Chahine, a physician, continued unauthorized use of the EMA System for a period of years. Dkt. 17 at 2. Endobiogenics asserts also that, Chahine has embarked on a campaign to discourage other physicians to discontinue their use of the EMA System, set up a competing company, and, is attempting to launch a software program that is unfairly similar to the patented EMA System. *Id.* Endobiogenics argues the Court

should award it $388,771 in damages, costs, and fees, and issue an injunction (1) enjoining Chahine from further defaming Endobiogenics and (2) enjoining Chahine from introducing a computer program into the marketplace in violation of Endobiogenics's U.S. patents. *Id.* at 1.

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court may enter a default judgment where default under Rule 55(a) has been previously entered based upon failure to plead or otherwise defend the action. Fed. R. Civ. P. 55(b). Once a party's default has been entered, the factual allegations of the complaint, except those concerning damages, are deemed to have been admitted by the non-responding party. Fed. R. Civ. Proc. 8(b)(6); *see also Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977); *Garamendi v. Henin*, 683 F.3d 1069, 1080 (9th Cir. 2012). "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

A defendant's default does not, however, automatically entitle a plaintiff to a court-ordered default judgment. *Draper v. Coombs*, 792 F.2d 915, 924–25 (9th Cir. 1986). A court "must still consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Landstar Ranger, Inc. v. Parth Enterprises, Inc.*, 725 F.Supp.2d 916, 920 (C.D. Cal. 2010) (citation omitted). "[N]ecessary facts not contained in the

pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992); *see also Doe v. Qi*, 349 F.Supp.2d 1258, 1272 (N.D. Cal. 2004) ("[Although] the factual allegations of [the] complaint together with other competent evidence submitted by the moving party are normally taken as true ... this Court must still review the facts to insure that the Plaintiffs have properly stated claims for relief.")). Where the pleadings are insufficient, the Court may require the moving party to produce evidence in support of the motion. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987).

Where a court has determined default judgment is proper, it must accept the factual allegations in the complaint as true, but must make an independent determination of the damages for which the defendant is liable. *Id.* Upon entering default judgment under Rule 55(b)(2), a court "may conduct hearings or make referrals ... when, to enter or effectuate judgment, it needs to ... determine the amount of damages." Fed. R. Civ. P. 55(b)(2). Accordingly, the amount of damages must be proven at an evidentiary hearing or through other means. *Microsoft Corp. v. Nop*, 549 F.Supp.2d 1233, 1236 (E.D. Cal. 2008).

Having reviewed the materials submitted by Endobiogenics and the entire record herein, the Court finds a hearing is not necessary to determine damages.

Endobiogenics, in its motion for default judgment and supplemental briefing, is seeking the following specific relief: (1) $144,000 in lost profits; (2) $75,000 due to reputational harm; (3) $119,771.22 in attorney fees; and (4) an order enjoying Chahine from further defaming Endobiogenics and from launching any service violative of the EMA System patents. Dkt. 17 at 5–10.

1. **Lost profits**

To show lost profits from Chahine's conduct, Endobiogenics points to the terms of the contract between the parties and to instances of the unauthorized running of patient biologies through Endobiogenics's EMA System. Dkt. 17 at 4. Endobiogenics's expert, a senior associate who holds a masters in accounting and is an experienced valuation expert, opines that determining lost profits involves "ascertain[ing] the amount of money that will make the damaged party whole or put the damaged party in the same position it would have been in if not for the other party's allegedly wrongful actions." *Baldwin Expert Rpt.*, Dkt. 18 at 6, 12. To that end, the expert began by determining the period over which Endobiogenics suffered economic harm. *Id.* at 7. He determined the period to be from September 2014, the month Chahine first accessed the EMA System without authorization or payment, through to June 2019, when Chahine ceased his unauthorized use of the system. *Id.*

The expert determined that the amount of revenue Endobiogenics lost due to Chahine's unauthorized use can be specifically calculated by using the number of unauthorized patient biologies that Chahine produced during the unauthorized time, and multiplying that number by the rate Endobiogenics charges to produce a patient biology. *Id.* Endobiogenics has identified 3,600 specific instances of unpaid-for biologies attributable to Chahine during the unauthorized period. *See Sowle Decl.*, Dkt. 17-8. At a cost of $40 per biology, the total Chahine would have had to pay for the biologies is $144,000. *Id.* at 4–5.

Considering the foregoing, the Court finds Endobiogenics has proven the amount of lost profits with reasonable certainty and will therefore grant its motion and order Chahine to pay $144,000 in damages attributable to his authorized use of the EMA System from September 2014 through June 2019.

**2.    Harm to Reputation**

Endobiogenics argues the Court should award $75,000 in reputational harm damages under its defamation per se claim. Dkt. 17 at 6-9. Under Idaho law, defamation requires Endobiogenics to prove that Chahine: (1) communicated information concerning Endobiogenics to others; (2) that the information was defamatory; and (3) that Endobiogenics was damaged because of the communication. *Clark v. The Spokesman-Review*, 163 P.3d 216, 219 (Idaho 2007) (citing *Gough v. Tribune–Journal Co.*, 249 P.2d 192, 194 (Idaho 1952)).

Endobiogenics includes no evidentiary support, beyond bare allegations in the Complaint, to support the damages allegation. *See* Dkt. 17 at 7–8. Endobiogenics cites a handful of unpublished opinions, wherein courts considered the award of general damages for defamation per se claims. Primarily, *Ferguson v. Waid,* a case Endobiogenics asserts supports the award of $75,000. 2018 WL 6040174, at *6, *8 (W.D. Wash. Nov. 19, 2018). However, *Ferguson* is clearly distinguishable: There, the case proceeded to a bench trial where the judge made findings of fact regarding the alleged defamation. Endobiogenics cites also *RKM Int'l Ltd. v. Fujita*, 2015 WL 2451187, at *8 (D. Haw. Apr. 29, 2015), *report and recommendation adopted*, 2015 WL 3369472 (D. Haw. May 22, 2015) (where court refused to award $10,000 in general damages because evidence of defamatory statements over short period of time was not sufficient to create link to reduction in business); and *Olive v. Robinson*, No. 2019 WL 4748390, at *8 (W.D. Wash. Sept. 30, 2019) (where the court found an award of general damages of $10,000 was appropriate as plaintiff had properly plead defamation per se regarding allegedly false statements published on a website).

Considering the foregoing, the Court finds Endobiogenics has failed to prove general damages for reputational harm in any amount with reasonable certainty and

thus, will deny its motion for damages in this respect. *See Microsoft Corp. v. Nop*, 549 F.Supp.2d 1233, 1236 (E.D. Cal. 2008).

3.  **Attorney Fees**

Endobiogenics seeks also $119,771.22 in attorney fees for the work of "multiple sets of legal counsel both in the United States and across Europe, along with other credentialed professionals." Dkt. 17 at 9. The standard in American courts is that each party bears its own costs of litigation absent a contractual or statutory authorization providing otherwise. *Langer v. Peykar*, No. CV 18-1919-R, 2018 WL 10072162, at *3 (C.D. Cal. Aug. 22, 2018). The Court finds no compelling reason to deviate from that standard here. Therefore, the request for attorney's fees will be denied.

4.  **Injunctive Relief**

Finally, Endobiogenics seeks a Court order enjoining Chahine from four categories of statements and actions. The Court will grant an injunction as to the first two categories, with limitations, and declines to grant an injunction as to the third and fourth.

A traditional four-factor test is applied by courts sitting in equity when considering whether to award permanent injunctive relief, notably, this test applies to disputes arising under the Patent Act. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 388 (2006). It requires a plaintiff to demonstrate:

> (1) that it has suffered an irreparable injury; (2) that remedies available at law are inadequate to compensate for that injury; (3) that considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. The decision to grant or deny such relief is an act of equitable discretion by the district court, reviewable on appeal for abuse of discretion.

*Id.*

First, Endobiogenics asks the Court to enjoin Chahine from "making any further defamatory statements to any past, current, or potential customer of Endobiogenics concerning the EMA System." Dkt. 17 at 10. Endobiogenic alleges that, Chahine falsely told its customers and professional licensing boards that Endobiogenics' enforcement of its contract is "perfectly illegal", "endanger[s] the health or worse the lives of patients…," puts "the health of my patients at risk," and is "not only ethically but also criminally reprehensible." *Compl.*, Dkt. 1 at ¶¶ 58, 63. Future like statements, could, if not enjoined, cause Endobiogenics to suffer irreparable injury. In addition, the remedies available at law are insufficient to compensate for the harm. For these reasons, and the reasons previously stated in the Court's order granting default judgment, the Court will issue an injunction as to this effect.

Second, Endobiogenics asks the Court to enjoin Chahine "from making any defamatory statement concerning any Endobiogenics employee, manager, or founders, including but not limited to Dr. Lapraz, to any person or organization."

**MEMORANDUM DECISION AND ORDER - 9**

Dkt. 17 at 10. For the reasons stated immediately above, the Court will issue an injunction to this effect but will limit the scope of the injunction to any past, current, or potential customer of Endobiogenics concerning the EMA System.

Third, Endobiogenics asks the Court to direct Chahine to "remove all references to Endobiogenics and its employees, managers, or founders, and the EMA System, from any publication or media source over which Chahine has control, including but not limited to, websites, social media, printed materials, and any submissions currently on file with the Paris Board of Medicine." Dkt. 17 at 10. The Court declines to issue an injunction to this broad effect. Chahine has a right to speech that is critical of Endobiogenics. The Court may only curtail or enjoin speech that is defamatory or libelous, and thus, unlawful. Endobiogenics has not provided the Court with any specific quoted examples of the references at issue. In the default judgment setting, without findings of fact or the support of a developed evidentiary record, the Court declines to issue any injunctive relief to this preclusive effect.

Fourth and finally, Endobiogenics seeks an order protecting its United States Patent, No. 9,953,139. Dkt. 17 at 11. Specifically, Endobiogenics asks this Court to enjoin Chahine and any company affiliated with him "from releasing into the market any algorithmic, online-based system that copies the art or any claim" of the patent.

**MEMORANDUM DECISION AND ORDER - 10**

Plaintiff's motion fails to satisfy the four-factor test set forth in *eBay* in relation to its patent-based injunction request. As detailed above, Plaintiff failed to provide evidence in the motion or briefing that shows it will suffer irreparable injury absent an injunction. *See, e.g., TeleVideo Systems, Inc.,* 826 F.2d at 917. Endobiogenics provides the valuation of the patents for the EMA System, $51,055,619.85, as of June 19, 2019. However, Endobiogenics does not tie economic injury to that valuation to Chahine's actions in issuing related systems. *See Magna-RX, Inc. v. Holley*, 2008 WL 5068977, at *4 (D. Ariz. Nov. 25, 2008). Notably, no independent finding of patent infringement has been made by the United States patent office or this Court. For these reasons, the Court will decline to issue an injunction regarding Defendant's competing systems.

## ORDER

Having granted Plaintiff's Motion to Default Judgment (Dkt. 16),

**IT IS ORDERED that:**

1. Defendant must pay $144,000 in damages for Endobiogenics's lost profits due to Defendant's unauthorized access to and use of the EMA System from September 2014 through June 2019.

2. The Court hereby enjoins Defendant from making any further defamatory statements to any past, current, or potential customer of Endobiogenics concerning the EMA System.

3. The Court hereby enjoins Defendant from making any further defamatory statements concerning any Endobiogenics employee, manager, or founders, including but not limited to Dr. Lapraz, to any

past, current, or potential customer of Endobiogenics concerning the
EMA System.

DATED: March 30, 2020

_____
B. Lynn Winmill
U.S. District Court Judge